THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VALENTÍN MONTES SOLERO, Defendant and Appellant.

No. 10647. Argued December 7, 1944.—Decided December 18, 1944.

*Juan Nevares Santiago* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The defendant was tried and convicted by a jury in the district court on a charge of burglary in the first degree.

He has appealed from the judgment sentencing him to a year in the penitentiary at hard labor.

The first error assigned is that the lower court erred in admitting in evidence a sworn statement before a justice of the peace on the grounds (a) that the defendant was not assisted by counsel at the time; (b) he did not intelligently waive his right to be so represented; (c) he was not warned the statement might be used against him; (d) the statement was not identified at the trial by the said justice of the peace; and (e) the statement was not made voluntarily.

None of these attacks on the admissibility of the statement warrants extended consideration. As to (a) and (b), there is no constitutional requirement in this jurisdiction that a defendant must be represented by counsel prior to arraignment. (*People* v. *Travieso*, 60 P.R.R. 518). In the same way, as to (c), while it may be the better practice, the warning that a statement may be used against a defendant is not a condition precedent to its admissibility (*People* v. *Méndez*, 54 P.R.R. 184). There is a similar lack of merit in (d)— witnesses who actually heard the defendant testify and saw him sign the statement testified to that effect. Under those circumstances, the failure to adduce the testimony of the justice of the peace did not render the document inadmissible.

As to (e), the contention is predicated on the fact that when the owner of the store herein arrived, he found the defendant in the kitchen of his house, which was connected with the store which the defendant entered; and that the owner thereupon slapped the defendant, who then pleaded with the owner not to hit him, that he would tell everything Apart from the fact that these circumstances can scarcely be characterized, as the defendant does in his brief, as the third degree, the crucial point here is that the statement under attack was made in writing the next day before the justice of the peace. No contention was made at the trial or is made here that the latter statement was not made vol-

untarily. The lower court therefore did not err in admitting it. See *Lyons* v. *Oklahoma,* 322 U.S. 596, 602.

█ The second alleged error is that the defendant was not represented by counsel at the arraignment. The record shows that "the defendant pleaded not guilty pursuant to instructions of his attorney, O. R. Brizzie, who represented him in that case, and requested a trial by jury". The briefs of the parties clarify this ambiguous language by their statements that the attorney of record was not actually present at the arraignment. The practice disclosed herein is one not to be commended. For a defendant to be represented effectively at the arraignment the actual presence of his counsel is generally required. But we are unable to see how the defendant was prejudiced in this particular case. Pursuant to the instructions of his attorney, he pleaded not guilty and pleaded for a trial by jury. At the trial he was represented by counsel where he again pleaded not guilty and was convicted by the jury. To wash out a criminal conviction under those circumstances would be to give empty formalisms unwarranted importance.

█ The defendant complains in his third assignment of error of the failure of the district court to instruct the jury on the crime of burglary in the second degree, which is burglary committed in the daytime. The only evidence was presented by the government; and all of it tended to show that the offense was committed after dark. There was therefore no error in refusing to instruct as to a crime of which there was no evidence. *People* v. *Calderón,* 50 P.R.R. 323; *People* v. *Sallari,* 53 P.R.R. 850.

█ The fourth alleged error was that the district court did not specifically instruct the jury that they could bring in a verdict of either burglary in the first degree or of not guilty. In the first place, this was not called to the attention of the lower court at the time the instructions were given. And, in any event, the charge as a whole clearly projected the idea that the jury must acquit if it was not convinced by

310

the evidence of the guilt of the defendant. For example, at one point in its instructions, the district court told the jury that "The guilt of the defendant must be proved beyond a reasonable doubt. And when that doubt exists, he must be acquitted." We have read the instructions as a whole and can find no prejudicial error therein.

The fifth assignment of error complains of the following incident: the district judge had just begun to summarize the evidence, when the attorney for the defendant interrupted to inquire if the district judge was going to make such a summary. Whereupon the district attorney remarked that this "is a case, it seems to me, that the People consider overwhelmingly proved, and I think that the instructions should be given, analyzing the evidence . . .". It would have been better if the district attorney had made this comment while arguing the case. But after all this was simply a reiteration of the belief of the district attorney that the defendant was guilty—a belief that the jury could in any event reasonably infer in the ordinary case from the mere fact that the district attorney had brought the case to trial. We can therefore scarcely hold that this isolated casual remark was sufficiently prejudicial to the defendant to justify reversal of the judgment herein. Cf. *People* v. *Marchand*, 53 P.R.R. 640.

The judgment of the district court will be affirmed.